## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANDREA MOON,

        Plaintiff,

v.                                      Case No. 8:22-cv-2162-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____/

## **OPINION AND ORDER**[2]

## **I.  Status**

Andrea Moon ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges an inability to work as the result of anxiety, a panic disorder, agoraphobia, bipolar disorder, depression, gastroesophageal reflux disease (GERD), celiac disease, and a bladder disorder. Transcript of Administrative

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed January 3, 2023; Reference Order (Doc. No. 14), entered January 3, 2023.

Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed January 3, 2023, at 105, 120, 137, 158, 413.

On May 1, 2020, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of May 31, 2019.[3] Tr. at 382-85 (DIB), 386-92 (SSI). The applications were denied initially, Tr. at 104-18, 134, 189, 191, 256-58, 260-62 (DIB); Tr. at 119-33, 135, 186, 188, 263-65, 267-69 (SSI), and upon reconsideration, Tr. at 136-56, 178, 183, 185, 272-81, 283-91 (DIB); Tr. at 157-77, 179, 180, 182, 292-301, 303-12 (SSI).[4]

On December 1, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). [5] Tr. at 38-70. On January 26, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-21.[6]

---

[3]     The applications were actually filed on May 18, 2020. Tr. at 382 (DIB), 386 (SSI). Elsewhere in the administrative transcript, the protective filing date is listed as May 1, 2020. Tr. at 105, 137 (DIB), 120, 158 (SSI).

[4]     Some of the cited documents are duplicates.

[5]     The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the initial stages of the COVID-19 pandemic. Tr. at 41, 330-45, 371.

[6]     The administrative transcript also contains an ALJ decision dated May 30, 2019 and related administrative findings and proceedings on prior-filed DIB and SSI claims. Tr. at 74-86, 205-50; see Tr. at 92-98. Also contained in the administrative transcript is Plaintiff's appeal of the May 2019 decision to this Court and this Court's affirmance of the May 2019 decision. Tr. at 99-102, 192-201; see also Tr. at 202. The May 2019 decision is not at issue here; its relevance is only that the current alleged disability onset date is May 31, 2019 (one day after the May 2019 decision was issued).

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support. Tr. at 4-5 (Appeals Council exhibit list and order), 378-80 (request for review), 381 (brief). On July 14, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On September 16, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal makes two arguments: 1) the ALJ erred "in [the] evaluation of [Plaintiff's] complaints of frequent urination" and 2) "[t]here is new and material evidence that would support a remand" pursuant to sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3). Memorandum in Opposition to the Commissioner's Decision (Doc. No. 18; "Pl.'s Mem."), filed March 20, 2023, at 3, 6 (some capitalization omitted); see id. at 3-6 (argument one), 6-7 (argument two). On April 17, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 13-21. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 31, 2019, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following

---

[7]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

severe impairments: celiac disease; [GERD] with esophagitis; history of tachycardia; unspecified asthma; history of interstitial cystitis (urinary infrequency) [sic—likely intended as "frequency"]; obesity; bipolar disorder; . . . depressive disorder; and anxiety-related disorder." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently. She can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an 8-hour workday with normal breaks. She could frequently climb stairs, balance, stoop, kneel, crouch and crawl, but should never climb ladders or scaffolds. She must avoid exposure to vibration, unprotected heights, and hazardous machinery. During the eight-hour workday, she must avoid concentrated exposure to extreme heat, cold, wetness, humidity, and irritants such as fumes, odors, dust, and gases. She could perform tasks that are simple and that can be learned in 30 days or less. This person should have no interaction with the general public unless it is merely superficial, and only occasional interaction with co-workers and supervisors (superficial is defined as giving simple information back and forth). [Plaintiff] is limited to low stress work, defined as having only occasional decision making and

changes in the work setting. In addition to regular breaks, this individual would need a one-minute break every hour.

Tr. at 14-15 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Customer Complaint Clerk" and a "Resident Care Aide." Tr. at 19, 20 (some emphasis, capitalization, and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("29 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 20 (emphasis and citations omitted), such as "Photocopy Machine Operator," "Marker," and "Router," Tr. at 21 (emphasis and some capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from May 31, 2019, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

## III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff challenges the ALJ's evaluation of her subjective complaints about the frequency of her urination, and she argues there is new and material evidence on the issue that warrants a remand for reconsideration under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3). The issues are addressed in turn.

## A. Subjective Symptom Complaints

Plaintiff contends the ALJ erred in evaluating her subjective complaints about urination frequency. Pl.'s Mem. at 3-6. Plaintiff recognizes that the ALJ acknowledged her complaints and that the ALJ even provided a need for one-minute breaks every hour in the RFC finding; but, according to Plaintiff, this was not enough. Id. Responding, Defendant argues the ALJ properly considered Plaintiff's subjective complaints about urination frequency, credited them to a degree, and incorporated them into the RFC. Def.'s Mem. at 5-13.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and

aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even

those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ adequately assessed Plaintiff's subjective complaints of pain and urinary frequency, ultimately arriving at an RFC that is supported by substantial evidence. To begin, the ALJ discussed Plaintiff's testimony about her overactive bladder. Tr. at 15; see Tr. at 56-57 (Plaintiff testifying she urinates thirty to ninety times per day), 59 (Plaintiff testifying she brings extra clothes on short trips outside her home, experiences leaking, and "will use a public restroom if necessary"). The ALJ then detailed the medical evidence, recognizing intermittent complaints in the records of urinary frequency and overactive bladder. Tr. at 16-17. Summarizing one particular medical record, the ALJ noted its documentation that Plaintiff was "drinking nearly a gallon of water a day" and that "[i]t was explained to [Plaintiff by the provider] that her urinary frequency could be a function of drinking too many liquids, anxiety, or a bladder disorder." Tr. at 16 (citing Ex. B15F/5-8, located at Tr. at 932-35). The ALJ also pointed out that a later medical record contained a similar notation about Plaintiff's water and coffee intake. Tr. at 17 (citing Ex. B15F/17, located

at Tr. at 944). Overall, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of . . . her symptoms are inconsistent because the record does not support incapacitating limitations that preclude work consistent with the [assigned RFC]." Tr. at 15. In the RFC, the ALJ did include a restriction specifically to address the urinary frequency, for "a one-minute break every hour" (in addition to normal breaks), Tr. at 15, evidencing that the ALJ accepted in part what Plaintiff alleged about the urinary frequency.

Plaintiff essentially invites the Court to reweigh the evidence on this matter and determine that the RFC restriction was not enough. The Court may not do this. The ALJ's findings are supported by substantial evidence and need not be disturbed.

### B. Sentence Six Remand

Plaintiff argues the Court should remand this matter for further proceedings under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3). Pl.'s Mem. at 6-7. In support, Plaintiff attaches to her memorandum a medical record dated August 24, 2022 that documents a follow up appointment for urinary issues. See id. at Ex. A. The record notes Plaintiff "has daytime frequency every 30 minutes to an hour" and that she has "cut back on fluids." Id. The providing physician "recommend[ed] urinalysis/culture and cystoscopy." Id.

According to Plaintiff, this evidence is new, material, and carries a reasonable possibility of changing the administrative result. Pl.'s Mem. at 6-7. She also submits there is good cause for failing to submit it to the Administration, as the note did not exist when the January 26, 2022 Decision was rendered. Id. at 7. Responding, Defendant argues the evidence does not qualify for a sentence six remand in that it is not material to the period considered by the ALJ. Def.'s Mem. at 13.

Under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram, 496 F.3d at 1267. If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. Id. at 1268 (quotation and citation omitted). To meet the showing required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the

evidence at the administrative level." <u>Caulder</u>, 791 F.2d at 877 (quotation and citation omitted); <u>see also, e.g.</u>, <u>Cherry v. Heckler</u>, 760 F.2d 1186, 1192 (11th Cir. 1985).

Here, Defendant does not contest that the evidence is new and noncumulative and there is good cause for its late submission. <u>See</u> Def.'s Mem. at 13. Assuming these prongs are met, the Court need only consider whether the evidence is material, that is, whether it carries a reasonable possibility of changing the administrative result. The undersigned finds that the medical record at issue is not material. First, the record does not address the time period that was under consideration by the ALJ (May 31, 2019 through January 26, 2022). Instead, it documents a follow up visit occurring almost seven months later. <u>See</u> Pl.'s Mem. at Ex. A. Moreover, the self-report contained in the record of "frequency every 30 minutes to an hour," is not entirely inconsistent with the ALJ's finding that Plaintiff needs a short break (in addition to normal breaks) once per hour. And, in any event, the ALJ credited Plaintiff's allegations only to the extent stated in the Decision; the new medical record does not undermine that finding to the degree of possibly changing the administrative result. A sentence six remand is not warranted.

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence, and a remand under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3) is not warranted. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 4, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record